UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

HANNIYYAH MUSTAFAA,              )
                                 )
                Plaintiff,       )
        vs.                      )    1:10-cv-1283-TWP-TAB
                                 )
UNITED HEALTHCARE,               )
                                 )
                Defendant.       )

**Entry Discussing Motion to Compel Arbitration**

This cause is before the court on the complaint of plaintiff Hanniyyah Mustafaa and on the unopposed motion to compel arbitration of defendant United Healthcare.

Whereupon the court, having read and examined such complaint and motion, and being duly advised, now finds that United Healthcare's motion to dismiss must be granted. This conclusion rests on the following facts and circumstances:

1.      Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice to discriminate against an individual on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). Mustafaa who was formerly employed by United Healthcare, brings this action pursuant to Title VII. She alleges that she was fired by United Healthcare because she was pregnant, in violation of Title VII.

2.      On January 22, 2008, and as a condition of her employment with United Healthcare, Mustafaa electronically signed an agreement providing that she agreed to arbitrate any dispute, claim or controversy arising out of her employment with or the cessation of her employment with United Healthcare. The agreement provides that "[a]rbitration is the exclusive forum for the resolution of such disputes." The policy also states that claims pursuant to Title VII were explicitly within the scope of claims subject to the arbitration.

3.      The Federal Arbitration Act ("FAA"), enacted in 1925, provides that an arbitration clause "shall be valid, irrevocable, and enforceable, save upon such grounds as

exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 3 of the FAA provides, in relevant part:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit or proceeding is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. The FAA's purpose is to "reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 24 (1991). Thus, courts must give deference to the federal policy favoring arbitration and resolve ambiguities as to the scope of the arbitration clause in favor of arbitration. *Mastrobuono v. Shearson Lehman Hutton, Inc.,* 115 S. Ct. 1212, 1218 (1995).

4. Mustafaa's claims are brought under Title VII of the Civil Rights Act of 1964. These types of claims are directly identified as arbitrable under Mustafaa's agreement with United Healthcare. They are accordingly within the scope of that policy and must be arbitrated. United Healthcare's motion to compel arbitration (Dkt. No. 12) is **granted** and the parties are ordered to pursue arbitration in accordance with their agreement.

5. Although Section 3 of the FAA authorizes the court to stay a case pending arbitration–providing that a stay is mandatory upon a showing that the opposing party has commenced suit "upon any issue referable to arbitration under an agreement in writing for such arbitration"--this rule was not intended to limit dismissal of a case under proper circumstances. In *Alford v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161, 1164 (5th Cir. 1992), the Fifth Circuit explained that "[t]he weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Id.* Mustafaa's claim in this case is subject to arbitration and retaining jurisdiction and staying the action will serve no useful purpose. United Healthcare's motion (Dkt. No. 12) is therefore **granted** to the extent that the action will be administratively closed on the docket.

**IT IS SO ORDERED.**

Date: 03/18/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana